UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 11-104-JBC

CINCINNATI INSURANCE COMPANY,                                    PLAINTIFF,

V.                    **MEMORANDUM OPINION & ORDER**

NICK ROCCANOVA and
NATALIE CLARK,                                                   DEFENDANTS.

\* \* \* \* \* \* \* \* \* \*

This matter comes before the court on Cincinnati Insurance Company's motion for declaratory judgment, R. 13. For the following reasons, the motion will be granted.

**I. Background**

This action arises out of a related action in which defendant Natalie Clark is asserting allegations under 18 U.S.C. § 2251(a) & § 2252(a)(2) against defendant Nick Roccanova and others who are not parties here. Clark has amended her complaint to include common law tort claims of defamation, false light, negligent infliction of emotional distress, punitive damages, and invasion of privacy. As the issuer of an insurance policy covering Roccanova, Cincinnati seeks a judgment in its favor declaring that the policy issued to Roccanova does not cover the claims asserted by Clark against Roccanova. The allegations brought by Clark in her amended complaint either are not covered by Roccanova's policy or they fall within exceptions to coverage; therefore, Cincinnati has no duty to defend Clark's claims

1

against Roccanova and judgment is appropriate.

## II. The 18 U.S.C. § 2251-2252 Claims

Clark's claims against Roccanova for violations of 18 U.S.C § 2251(a) and § 2252(a)(2) – federal crimes related to sexual exploitation of children – are not covered under Roccanova's policy. Cincinnati is obligated to defend Roccanova against only those suits seeking damages for "bodily injury," "personal injury," or "property damage" to which the insurance applies and which is caused by an "occurrence." CIC Policy Part A, §1. The injuries asserted by Clark in relation to the alleged violations of these federal criminal statutes were not caused by an "occurrence" as defined in the policy, so insurance does not apply to these federal criminal claims.

An "occurrence" means "[a]n accident . . . that results in 'bodily injury' or 'property damage'; or [a]n offense that results in 'personal injury.'" CIC Policy, Definitions, p.4. The injuries asserted in Clark's criminal causes of action are not alleged to have arisen from an accident, nor do they meet the definitions of "bodily injury," "property damage," or "personal injury." No bodily harm, sickness or disease is asserted by Clark, no property damage is alleged, and an injury arising out of one of the alleged criminal offenses does not constitute a "personal injury." *Id.* at 2-5. A "personal injury" is an injury arising out of one of the following listed offenses: defamation, false arrest, wrongful eviction or entry, malicious prosecution, or right to privacy. *Id.* at 5. The 18 U.S.C. § 2251(a) and § 2252(a)(2) claims are brought under federal criminal statutes and do not constitute

any of those offenses. Because the damages Clark seeks here are not for "personal injuries" caused by an "occurrence," insurance does not apply to these claims for damages, and Cincinnati has no duty to defend Roccanova against these claims.

Even if the injuries asserted by Clark arose out of one of the listed offenses and thus constitute "personal injuries" caused by an "occurrence," the criminal statutory claims would be excluded from coverage. Personal injuries which "aris[e] out of . . . . a criminal act committed by or at the direction of an 'insured,'" are excluded from coverage. *See* CIC Policy Part B, §2(1)(s)(4)(c). The injuries alleged by Clark arose out of a purported criminal act committed by or at the direction of Roccanova. A conviction is not required for the criminal acts exclusion to apply, s*ee Emp'rs Ins. of Wausau v. Martinez*, 54 S.W.3d 142 (Ky. 2001); therefore, Clark's 18 U.S.C. § 2251(a) and § 2252(a)(2) claims are excluded from coverage.

### III. Common Law Tort Claims

Clark recently amended her complaint in the related action to include allegations of common law tortious acts. She asserts the following causes of action: defamation, false light, negligent infliction of emotional distress, punitive damages, and invasion of privacy. Cincinnati has no duty to defend Roccanova against any of these claims, as they either are not covered by the policy or fall under exclusions to coverage.

The negligent-infliction-of-emotional-distress claim is not covered by the policy. The damages sought for the purported emotional distress are not for a

"bodily injury," "property damage," or "personal injury," as defined by the policy. CIC Policy, Definitions, p.2-5. No bodily harm or property damage is being alleged, and the injury asserted by Clark here does not arise out of one of the offenses stated in the definition of "personal injury." *Id.* at 5.

The other torts alleged by Clark in her amended complaint are covered under the policy, as they meet the definition of "personal injuries" caused by an "occurrence." *Id.* at 5. Defamation and invasion of privacy are specifically set forth as offenses which may give rise to a "personal injury" covered by the policy, and the false light claim falls under the umbrella of the privacy offense which may give rise to a "personal injury." *McCall v. Courier-Journal & Louisville Times Co.*, 623 S.W.2d 882, 887 (Ky. 1981)(adopting the Restatement (Second) of Torts (1976) § 652A, which states that the right of privacy is invaded by publicity that unreasonably places one in a false light). Each of these claims, however, is excluded from coverage under the "criminal act" exclusion.

As aforementioned, personal injuries which "aris[e] out of . . . . a criminal act committed by or at the direction of an 'insured'" are excluded from coverage. *See* CIC Policy Part B, §2 (1)(s)(4)(c). Even though Clark has amended her complaint to include distinct common law tort actions, all of the injuries asserted in the tort claims arose out of the alleged criminal act committed by or at the direction of Roccanova. Kentucky law construes expansively the term "arising out of" in insurance contracts. *Hugenberg v. West Am. Ins. Co.*, 249 S.W.3d 174, 186 (Ky. App. Ct. 2006). In *Hugenberg*, a negligent-entrustment claim was found to be

4

causally connected to, and thus "arising out of," an automobile accident. Similarly, Clark's defamation, invasion-of-privacy, and false-light claims are causally connected to and arise out of the alleged criminal act committed by or at the direction of Roccanova. A conviction is not required for a "criminal act" exclusion in an insurance policy to apply, *see Emp'rs Ins. of Wausau v. Martinez*, 54 S.W.3d 142 (Ky. 2001); therefore, because the injuries asserted by Clark in her tort claims are causally connected to the alleged criminal act by Roccanova, the "criminal act" exclusion applies and Clark's torts claims are excluded from coverage.

### IV. Conclusion

Accordingly,

**IT IS ORDERED** that Cincinnati's motion for declaratory judgment, R.13, is **GRANTED**. The Cincinnati policy covering Roccanova does not cover the claims asserted by Clark in the related action, so Cincinnati has no duty to defend Clark's claims against Roccanova.

Signed on February 6, 2012



JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY